IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARVEY MIGUEL ROBINSON, JR., )
                    Plaintiff, )
                     )
    vs. ) Civil Action No. 14-227
                     ) Chief Magistrate Judge Maureen P. Kelly
LOUIS S. FOLINO; PETER VIDONISH, )
*Sued in their individual capacities,* ) Re: ECF No. 4
                  Defendants. )

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Harvey Miguel Robinson, Jr. ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brings this civil rights action against Defendants Louis S. Folino ("Folino"), the Superintendent at SCI-Greene, and Peter Vidonish ("Vidonish"), the Unit Manager at SCI-Greene in charge of capital case prisoners, (collectively, "Defendants"), alleging that Defendants violated his rights provided by the First Amendment to the United States Constitution.

Presently before the Court is a Motion to Dismiss ("the Motion"), submitted on behalf of Defendants. ECF No. 4. For the reasons that follow, the Motion will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Plaintiff was transferred back to SCI-Greene in July 2011. ECF No. 1-2, ¶ 10. Within a week or two of his return, Plaintiff alleges that Defendant Vidonish came through the exercise yard in the capital case unit where plaintiff was housed and stopped at plaintiff's yard cage. Id. at ¶¶ 11-12. Plaintiff then alleges that:

> 13. Immediately after defendant Vidonish stop, he placed the palm of one
> hand on his hip, and the tip of his pointy finger (of his other hand) up to his

> cheek bone (and held that pose), and then stated, "So your Robinson. Your the one that like filing law suits and a shit load of grievances against staff. You know it can be arranged for you to take a trip to F-block."
>
> 14. Plaintiff then stated, "Who the fuck do you think your takin' to you dick eatin' no life outside the prison faggot-ass fuck boi". Then almost immediately, defendant Vidonish started to uncontrollably shiver, and his eyes got extremely wide and watery. Plaintiff then stated, "What are you staring at? Get away from me Peter cotton-ass! Only a cross-dressing sheep fuckin' hill-billy coward-ass indred, would want to write a man up and send him to the hole".
>
> 15. After hearing this, defendant Vidonish became extremely agitated looking, and after his face and neck turned red, he stated, "You heard me convict, see. I run the show here Robinson, and what I say goes, see. You like filing grievances and law suits against us. Well, if you keep it up, see, I'll find a way to write a misconduct on you, and have you sent to the hole on F-block. That'll make you stop filing grievances".
>
> 16. Plaintiff then stated, "Your not allowed to give me a misconduct for filing law suits and grievances against staff". To which defendant Vidonish then replied, "If I want to, I can turn any inmate grievance filed against staff, into a misconduct against the inmate and one way trip to the hole on F-block, especially if its you, see. I'm a little spoiled bitch, so they let me do what ever I want on prison grounds".

Id. at ¶¶ 13-16.

Plaintiff alleges that on September 11, 2011, he signed up for law library time slots on September 13, 14, 15 and 17, 2011, but unbeknownst to him, he had been scheduled to go to an outside hospital for a medical test on September 14, 2011. Id. at ¶¶ 24-29. Plaintiff claims that he was also unaware that he was scheduled for his 90-day review by the capital case Program Review Committee ("PRC"), of which Vidonish was a member, on September 14th as well. ¶¶ 30, 33, 36. Plaintiff complains that the PRC meeting was nevertheless held and that the DC-141 form memorializing the meeting, which was filled out in part by Vidonish, states that plaintiff "declined" his review. Id. at ¶¶ 33-35, 38-39. Because Plaintiff was unaware of the PRC

meeting and was on a medical trip at the time of the meeting, Plaintiff contends that the representation that he "declined" review was a lie. Id. at ¶¶ 36, 39.

Consequently, on September 29, 2011, Plaintiff filed Grievance No. 383018 ("the Grievance"), complaining that he was denied his 90-day review and that the committee members lied that he had declined it; Plaintiff also requested that the meeting be rescheduled. Id. at ¶¶ 41-42. It appears that Vidonish was assigned to investigate Plaintiff's Grievance by Tracy Shawley, the grievance coordinator at SCI-Greene, which Plaintiff claims violated DOC Policy. Id. at ¶¶ 44-49. Plaintiff also claims that that Vidonish lied on the DC-141 form and purposely did not reschedule the 90-day review to discourage prisoners from filing complaints. Id. at ¶ 43. Nevertheless, according to the Complaint, another PRC meeting was scheduled and held on October 6, 2011. Id. at ¶ 50.

Plaintiff alleges that six days later, on October 12, 2011, Vidonish issued a misconduct against him for "lying to an employee." Id. at ¶ 51. According to the Complaint, the misconduct states that Plaintiff's representation in the Grievance that he was in the law library and that no one informed him of the PRC review on September 14, 2011, was a lie because Plaintiff was in fact absent from the prison facility on a medical trip. Id. at ¶ 52. After the misconduct was issued, Plaintiff contends that he initiated another verbal exchange with Vidonish stating, "Hey Vidonna-bitch! You just couldn't help your self, you vindictive cow fuckin' inbred. You just had to retaliate with the misconduct cuz I filed the grievance." Id. at ¶¶ 54-55. Vidonish allegedly responded by saying, "Hey, I told you that if you keep it up, I'd find a way to write a misconduct on you." Id. ¶ 56. Plaintiff contends that Vidonish subsequently bragged to other inmates that he issued the misconduct on Plaintiff in retaliation for filing the Grievance and warned them not to file grievances either unless they wanted to end up in the RHU like Plaintiff. Id. at ¶¶ 58-62.

3

Plaintiff also claims that he saw Defendant Folino on October 17, 2011, and told him about the alleged retaliation. Folino allegedly responded by telling Plaintiff that he would address the issue in Plaintiff's misconduct appeal. Id. at ¶¶ 64-65. Plaintiff therefore concludes that Folino knew of retaliation but did nothing to stop it. Id. at ¶¶ 81-82.

Plaintiff filed the instant Complaint on January 17, 2014, in the Court of Common Pleas of Greene County, Pennsylvania, bringing a retaliation claim under the First Amendment against Vidonish (Count I), and state law claims against Folino under the doctrines of respondeat superior (Count II) and vicarious liability (Count III). ECF No. 1-2. Defendants removed the case to this Court on February 18, 2014, ECF No. 1, and filed the instant Motion on March 17, 2014. ECF No. 4. Plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss on July 1, 2014. ECF No. 14. As such the Motion to Dismiss is ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly

4

dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423. As previously discussed, Plaintiff alleges that Defendants violated his rights provided by the First Amendment by retaliating against him for filing the Grievance.

It is well settled that retaliation for the exercise of a constitutionally protected right may violate the protections of the First Amendment and be actionable under Section 1983. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). Merely alleging the fact of retaliation, however, is insufficient. Rather, to prevail on a retaliation claim, a plaintiff must demonstrate: (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by a prison official; and (3) that there is a causal connection between the exercise of his constitutional rights and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). See Rauser v. Horn, 241 F.3d at 333 (the constitutionally protected conduct must be "a substantial or motivating factor" in the decision to discipline the inmate).

If the plaintiff proves these three elements, the burden shifts to the state prison official to prove that it would have taken the same action without the unconstitutional factors. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Rauser v. Horn, 241 F.3d at 333. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d at 334.

Here, Defendants do not dispute that Plaintiff has stated a claim for retaliation in the first instance but argue that Plaintiff's First Amendment claim should nevertheless be dismissed because the record demonstrates that the misconduct would have been issued against Plaintiff even if he had not filed the Grievance.[1]

---

[1] Defendants have submitted documents relative to the Grievance filed by, and the misconduct brought against, Plaintiff with their Motion to Dismiss. All of these documents are referenced in the Complaint and are integral to Plaintiff's claims. Moreover, Plaintiff has not challenged their authenticity. As such, the documents are properly considered by the Court without converting the Motion to one for summary judgment. See Ickes v. Flanagan, 2008

6

Indeed, the United States Court of Appeals for the Third Circuit has held that a finding of guilt of the underlying misconduct necessarily establishes that the same action would have been taken even if the plaintiff had not engaged in the protected activity and precludes a finding that the misconduct was issued in order to retaliate against him. Bonaparte v. Beck, 441 F. App'x 830, 832-33 (3d Cir. 2011); Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010); Williams v. Sebek, 299 F. App'x 104, 106 (3d Cir. 2008). See Israel v. Superintendent of S.C.I. Fayette, 2009 WL 693248, at *11 (W.D. Pa. Mar. 13, 2009). See also Harris-Debardelaben v. Johnson, 1997 WL 434357, at *1 (6th Cir. July 31, 1997) (the finding of guilt of the underlying misconduct charge satisfies a defendant's burden of showing that he would have brought the misconduct charge even if plaintiff had not filed a grievance); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (a finding of guilt based on some evidence "essentially checkmates [the] retaliation claim").

In the instant case, the record shows that Plaintiff was found guilty by the hearing examiner of the misconduct on October 17, 2011, and that the finding of guilt was upheld through three levels of appeals. ECF No. 4-1, pp. 11, 14, 17, 18. Moreover, Plaintiff admits that the statement he made in the Grievance, whether a mistake or not, was not true. Id. at p. 9. See ECF No. 1-2, ¶¶ 70-75. Under these circumstances, it is clear that Defendants are able to meet their burden of showing that the misconduct charge would have been filed against Plaintiff even if he had not filed the Grievance. See Toussaint v. Good, 335 F. App'x 158, 161 (3d Cir. 2009) (per curiam) (affirming the district court's order granting summary judgment on the plaintiff's retaliation claim where the defendants "proffered evidence that they would have issued the misconduct reports anyway"). Plaintiff therefore is unable to succeed on his First Amendment

---

WL 859183, at * 1 (W.D. Pa. Mar. 31, 2008), *quoting* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994), and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d. Cir. 1997).

retaliation claim brought against Vidonish and Defendants' Motion in this regard in properly granted.

Having found that Plaintiff has failed to state a First Amendment retaliation claim against Vidonish, it necessarily follows that Folino cannot he held liable under a theory of respondeat superior or vicarious liability. As such, Plaintiff's claims brought at Count II and III of the Complaint will be dismissed as well.[2]

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss submitted on behalf of Defendants is properly granted. Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 29th day of October, 2014, upon consideration of Defendants' Motion to Dismiss, and Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, ECF No. 4, is granted and the Complaint is dismissed for failure to state a claim.

---

[2] Although the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Because the conclusion that Plaintiff was guilty of the misconduct necessarily precludes a finding that the misconduct was issued in order retaliate against him, it would be futile to allow Plaintiff to file an amended complaint. As such, the Court declines to do so.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Harvey Miguel Robinson, Jr.
CJ-8032
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record Via CM-ECF