IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY MIGUEL ROBINSON, JR., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-227 |
| vs. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| LOUIS S. FOLINO; PETER VIDONISH, | ) | |
| *Sued in their individual capacities,* | ) | Re: ECF No. 17 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Harvey Miguel Robinson, Jr. ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brought this civil rights action against Defendants Louis S. Folino, the Superintendent at SCI-Greene, and Peter Vidonish, the Unit Manager at SCI-Greene in charge of capital case prisoners, (collectively, "Defendants"), alleging that Defendants violated his rights provided by the First Amendment to the United States Constitution. Defendants filed a Motion to Dismiss, ECF No. 4, on March 17, 2014, which this Court granted in an Opinion and Order filed on October 29, 2014. ECF No. 17. On November 28, 2014, Plaintiff filed a Motion for Reconsideration, ECF No. 17, which is presently before the Court.

The purpose of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), *quoting* Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Because of the interest in finality . . . the parties are not free to relitigate issues the court has already decided," Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998), and thus motions for reconsideration are to be granted sparingly.

Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar.18, 2011). A court therefore may grant a motion for reconsideration only if the moving party demonstrates: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d at 677, *citing* North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). See Van Tassel v. Piccione, 2014 WL 3401680, at *1 (W.D. Pa. July 10, 2014).

In this case, Plaintiff asks the Court to reconsider its findings with respect to Plaintiff's First Amendment retaliation claim brought at Count I of the Complaint, arguing that the Court dismissed the claim based on an error of fact. Specifically, Plaintiff takes issue with the Court's finding that Plaintiff was unable to succeed on his claim because Defendants had demonstrated that they would have taken the same adverse action, *i.e.*, filing a misconduct against Plaintiff for lying to an employee, even if Plaintiff had not engaged in protected conduct, *i.e.*, filing a grievance. Plaintiff argues that because the untrue statement that he made was contained in the grievance, had he not filed the grievance, the lie would not have existed and Defendants would have no basis for the misconduct. Plaintiff therefore concludes that it was the grievance itself that caused the misconduct to be filed.

Plaintiff's argument, however, speaks to his ability to establish a prima facie case of retaliation in the first instance and overlooks the fact that Defendants and the Court assumed for purposes of the Motion to Dismiss that Plaintiff could establish that he engaged in protected activity, that an adverse action was taken against him and that he could arguably show that there was a causal connection between the two acts. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Because Plaintiff seemingly met his burden in this regard, the burden then shifted to

2

Defendants to prove that they would have taken the same action without the unconstitutional factors. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001) ("once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct"). Here, Plaintiff lied to an employee, which Plaintiff all but admits. See ECF No. 4-1, p. 9. See also ECF No. 1-2, ¶¶ 70-75. The fact that the statement was contained in a grievance does not negate the fact that it was untrue. Moreover, Plaintiff was found guilty of the misconduct by the hearing examiner and that finding was upheld through three levels of appeals. ECF No. 4-1, pp. 11, 14, 17, 18. As such, no error of fact has occurred and the Court correctly dismissed Plaintiff's First Amendment retaliation claim. See Bonaparte v. Beck, 441 F. App'x 830, 832-33 (3d Cir. 2011) (a finding of guilt of the underlying misconduct necessarily establishes that the same action would have been taken even if the plaintiff had not engaged in the protected activity and precludes a finding that the misconduct was issued in order to retaliate against him). Accordingly, the following Order is entered:

## ORDER

AND NOW, this 2nd day of December, 2014, upon consideration of Plaintiff's Motion for Reconsideration, ECF No. 17, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Harvey Miguel Robinson, Jr.
CJ-8032
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record Via CM-ECF