IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Harvey Miguel Robinson, Jr., :
:
        Plaintiff, :
:
vs. : Civil Action No. 14-227
:
Louis S. Folino : Magistrate Judge Maureen P. Kelly
and Peter Vidonish, :
:
        Defendants. :
:
:
:

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Harvey Robinson, an inmate incarcerated at SCI-Greene who is proceeding *pro se*, filed a Complaint (ECF 1-2) alleging that he was the victim of a retaliatory misconduct issued by defendant Unit Manager Vidonish in violation of his First Amendment rights. He also alleges that the former Superintendent of SCI-Greene, defendant Folino, is vicariously liable for the alleged retaliation. For the reasons that follow, defendants' Motion for Summary Judgment should be granted, and the Complaint should be dismissed in its entirety.

**I. Undisputed Material Facts**

Plaintiff, Harvey Robinson, a Capital Case inmate at SCI-Greene, was scheduled for a review before the Program Review Committee (PRC) on September 14, 2011. Plaintiff did not attend the PRC review on that date. The report from the PRC notes that plaintiff "declined his review". (Ex. 1)

On September 29, 2011, plaintiff filed Grievance 383018, stating that he did not decline his PRC review, but rather had been in the law library with another inmate at the time of the PRC

1

hearing, and no officer told him about it. (Ex. 2 p. 1) Plaintiff's statements in Grievance 383018 were false. Plaintiff was not in the law library when he said he was; rather, he was out of the institution for a medical trip. (Ex. 2 p. 2)

As a result of the false statements made by plaintiff in his grievance, his Unit Manager, defendant Vidonish, issued him a misconduct for lying to an employee. (Ex. 3 p. 1) Plaintiff was found guilty of the misconduct and given 30 days disciplinary custody time. (Ex. 3 p. 5) The finding of guilt was upheld through all levels of review. The final review of plaintiff's misconduct occurred on December 20, 2011. (Ex. 3 p. 12)

This lawsuit was originally filed in the Court of Common Pleas of Greene County. The Court docketed plaintiff's Complaint on December 31, 2013. (Ex. 4) The cash slip filled out by plaintiff for the mailing of his Complaint was dated by plaintiff December 19, 2013. The Complaint is also dated December 19, 2013. The cash slip was stamped by the mailroom at SCI-Greene on December 30, 2013. (Ex. 5)

When inmates want to send a piece of outgoing mail, they place the mail and the accompanying cash slip in a mailbox on their housing unit. The inmate can either place the mail in the mailbox himself, or he can give it to an officer to do so for him. The mailboxes are emptied every day, and the outgoing mail is brought to the mailroom for processing. (Ex. 6 ¶3) The inmate fills out and dates the cash slip himself. (Ex. 6 ¶4) Once the mailroom receives the cash slip and outgoing mail, the cash slip is immediately stamped and the mail is processed for mailing. Therefore, the date stamped on the cash slip is the date the mailroom received it. There is never any delay. (Ex. 6 ¶5) In plaintiff's case, even though he dated the cash slip December 19, 2013, because it was stamped December 30, 2013, it is certain that the mailroom only received the cash slip and accompanying mail on December 30, 2013. There would never be an

11-day delay between receiving the mail and processing it. (Ex. 6 ¶6)  Thus, it is clear that plaintiff back-dated his Complaint and the cash slip in order to make his filing appear timely.

## II. Legal Standard

In ruling on a motion for summary judgment, there is a threshold inquiry as to the need for a trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Summary judgment is appropriate "…if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56I; Celotex Corporation v. Catrett, 477 U.S. 317, 325 (1986).

The party moving for summary judgment bears an initial burden of showing the absence of any genuine issues of fact; the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  Anderson, 477 U.S. at 250.  The existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the required showing is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-248.

Rule 56 does not allow a non-moving party to rely only on bare assertions, conclusory allegations, or suspicion in resisting a motion for summary judgment.  Fireman's Insurance Company of Newark v. DeFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Instead, a court will conclude there is no issue for trial unless evidence in the record would allow a jury to return a verdict for the non-moving party.  Anderson, 477 U.S. at 249.  A court considers the elements of a plaintiff's *prima facie* case under the substantive law when ruling on a motion for summary judgment.  Anderson, 477 U.S. at 248.  Summary judgment must be granted "…against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation, 477 U.S. at 322.

### III. Argument

A. Defendants Are Entitled to Summary Judgment Because the Complaint Is Time-Barred

Defendants are entitled to summary judgment because the Complaint is time-barred. The statute of limitations for actions brought pursuant to §1983 is governed by the statute of limitations for tort claims in the state in which the claim was brought, which in Pennsylvania is two years. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa.C.S. §5524(2). The running of the statute of limitations is tolled until the prisoner has exhausted administrative remedies. Pearson v. Department of Corrections, 775 F.3d 598 (3d Cir. 2015). In this case, plaintiff exhausted his administrative remedies with the final review of his misconduct on December 20, 2011. (Ex. 3 p. 12) Therefore, with the two-year statute of limitations, he was required to file his Complaint no later than December 20, 2013.

In the prison litigation context, the Supreme Court has held that the date for filing for purposes of the statute of limitations is the date the complaint is delivered to prison authorities. Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). This occurs on the date indicated on the cash slip that accompanies the mailing. Suny v. Pennsylvania, 2014 WL 77439 (citing Commonwealth v. Jones, 700 A.2d 423, 425-26 (Pa. 1997)).

Here, plaintiff dated the cash slip and the Complaint December 19, 2013, which would have been one day before the expiration of the statute of limitations. (ECF 1-2 and Ex. 5) However, the cash slip is stamped December 30, 2013, ten days beyond the expiration of the statute of limitations (Ex. 5), a date that is bolstered by the Court's docketing of the Complaint

on December 31, 2013. (Ex. 4) However, given that the mail on the housing units is picked up every day, and the mailroom staff processes (including stamping) the outgoing mail and cash slips as soon as they are received, it is impossible that plaintiff delivered the Complaint to prison authorities on December 19, 2013. Rather, he delivered it to prison authorities on the date stamped on the cash slip – December 30, 2013 – and backdated the cash slip and Complaint in an attempt to make his filing appear timely. (Ex. 6)

Because plaintiff's Complaint is time-barred, defendants' Motion for Summary Judgment should be granted and the Complaint dismissed in its entirety with prejudice.

## II. Defendant Folino Is Entitled to Summary Judgment on the Respondeat Superior and Vicarious Liability Claims

Plaintiff has alleged that Superintendent Folino is liable for Unit Manager Vidonish's alleged retaliation under theories of respondeat superior and vicarious liability. Plaintiff characterizes these as state law tort claims. Despite plaintiff's characterization of these as state law claims, retaliation is a federal claim brought pursuant to 42 U.S.C. §1983 for violation of the First Amendment to the United States Constitution. Because Superintendent Folino is allegedly vicariously liable under a theory of respondeat superior to the underlying federal claim, the claims against him are federal claims also. Superintendent Folino is entitled to summary judgment on these claims. Nonetheless, even if the claims were properly characterized as state law claims, Superintendent Folino would still be entitled to summary judgment, as he would have sovereign immunity.

To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Alexander v. Fritch, 2010 WL 1257709 at *15 (W.D. Pa. 2010) (citing Rizzo v. Goode, 423 U.S. 362 (1976)); Fortune v. Hamberger, 2007 WL 2782320

at *2 (W.D. Pa. 2007). Rather, in order for supervisory liability to attach, the supervisor must have knowingly permitted a custom or policy that results in harm to the plaintiff. Fortune at *3.

In this case, plaintiff's allegations concerning Superintendent Folino consist of one brief conversation in which plaintiff told him about the alleged retaliation, at which point Superintendent Folino allegedly responded that he would address it in plaintiff's misconduct appeal. (¶¶ 64-65) This is the only allegation concerning Superintendent Folino in the Complaint, other than a conclusory statement that Superintendent Folino knew of retaliation and did not stop it. (¶¶ 81-82) There is no evidence whatsoever that Superintendent Folino knowingly permitted a custom or policy that resulted in harm to plaintiff.

Moreover, to the extent plaintiff attempts to predicate his claims against Superintendent Folino on the denial of his misconduct appeal, (Ex. 3 p. 11) such claims also fail as a matter of law. Responding to a grievance or misconduct appeal is not sufficient to show the actual knowledge necessary for personal involvement. Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, *2 (M.D. Pa. 2006); Jefferson v. Wolfe, 2006 WL 1947721, *17 (W.D Pa. 2006).

Even if plaintiff were correct that the claims against Superintendent Folino are not §1983 claims but actually are state law tort claims, they are barred by sovereign immunity. Unless otherwise waived, the Commonwealth of Pennsylvania and its employees acting within the scope of their employment enjoy sovereign immunity from suit. 1 Pa.C.S. § 2310 provides:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its

>officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

Pennsylvania law provides nine exceptions for which sovereign immunity is waived for negligence claims. 42 Pa.C.S. §8522.[1] These exceptions are for claims of (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. §8522(b).

For sovereign immunity to apply to a Commonwealth employee, the employee must have been acting within the scope of his or her employment. 1 Pa.C.S. §2310; La Frankie v. Miklich, 618 A.2d 1145 (Pa. Cmwlth. 1992); Jackson v. Nassan, 2009 WL 2707447 at *6 (W.D. Pa. 2009); Martin v. City of Reading, 2013 WL 5429358 at *9 (E.D. Pa. 2013). Under Pennsylvania law, a Commonwealth employee is acting within the scope of his employment where the conduct:

>(1) is of the kind that the employee-defendant is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to

---

[1] 42 Pa.C.S. §8522(a) provides:

>The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

> serve the employer; and (4), if force was used by the employee against another, the use of force is not unforeseeable by the employer.

Martin, at *10 (citing Mitchell v. Luckenbill, 680 F.Supp.2d 672, 682 (M.D. Pa.2010)).  It is clear that Superintendent Folino was acting within the scope of his employment.

Here, plaintiff's claims do not fit under any of the nine exceptions, all of which are forms of negligence.  Rather, his claims are for vicarious liability and respondeat superior liability for retaliation, an intentional tort.  Even if the claims could be characterized as negligently allowing employees to commit retaliation, they still would not fit under any of the exceptions.  Therefore, Superintendent Folino is entitled to summary judgment.

### IV. Conclusion

For the reasons stated above, defendants' Motion for Summary Judgment should be granted and the Complaint dismissed in its entirety with prejudice.

        Respectfully submitted,

        BRUCE L. CASTOR, JR.
        First Deputy Attorney General


        /s/ Timothy Mazzocca
        TIMOTHY MAZZOCCA
        Deputy Attorney General
        Litigation Section


        KENNETH L. JOEL
        Chief Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue
Pittsburgh, PA 15219
Date:  August 15, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within *Brief in Support of Motion for Summary Judgment* was served upon the following individual via the CM/ECF Filing System or by First Class Mail.

**Harvey Miguel Robinson, Jr.**
CJ-8032
SCI-Greene
175 Progress Drive
Waynesburg, PA  15370

                                                          By:   /s/ Timothy Mazzocca
                                                          TIMOTHY MAZZOCCA
                                                          Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219

Date:  August 15, 2016