IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY MIGUEL ROBINSON, JR., <br> Plaintiff, <br><br> vs. <br><br> LOUIS S. FOLINO; PETER VIDONISH, <br> *Sued in their individual capacities,* <br> Defendants. | Civil Action No. 14-227 <br> Chief Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 29 |

## **MEMORANDUM ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff Harvey Miguel Robinson, Jr. ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brings this civil rights action against Defendants Louis S. Folino ("Folino"), the Superintendent at SCI-Greene, and Peter Vidonish ("Vidonish"), the Unit Manager at SCI-Greene in charge of capital case prisoners, alleging, *inter alia*, that Vidonish violated his rights provided by the First Amendment to the United States Constitution by filing a misconduct against Plaintiff in retaliation for filing an inmate grievance.

Presently before the Court is a Motion to Compel Discovery filed by Plaintiff, ECF No. 29, in which he asks the Court to issue an order compelling Defendants to produce two categories of documents that Plaintiff claims are relevant and necessary to establish his claims: 1) all inmate grievances filed against Vidonish during the course of his employment with the DOC; and 2) all misconducts issued by Vidonish to any prisoner during the course of his employment. ECF Nos. 29, 30. See ECF No. 30-2 at 2, ¶¶ 4-7. Defendants have declined to produce these documents arguing that the requests are overbroad; unduly burdensome; not relevant to Plaintiff's claims; not proportional to the needs of Plaintiff's case; and/or privileged

and confidential insofar as they relate to other inmates.  ECF No. 33.  See ECF No. 30-3 at 1-2, ¶¶ 4-7.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016).[1]  "Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'"  Id., *quoting* Fed. R. Evid. 401.

"Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment."  Johnson v. Holt, Nos. 15-336 & 15-337, 2016 WL 74818, at *1 (M.D. Pa. Jan. 7, 2016).  Thus, decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Id., *citing* Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  It is clear, however, that Rule 26's broad definition reaches only "nonprivileged matter that is relevant to any party's claim or defense."  The Court's discretion in ruling on discovery issues is therefore

---

[1] The Federal Rules of Civil Procedure, including Rule 26(b)(1), were amended effective December 1, 2015, after the start of this lawsuit.  However, on April 29, 2015, the Supreme Court ordered that these amendments would be applicable to all proceedings commenced on or after December 1, 2015, and all proceedings then pending, "insofar as just and practicable."  Order ¶ 2 (U.S. Apr. 29, 2015); see also Fed. R. Civ. P. 86(a)(2) (amended rules govern pending proceedings unless applying them "would be infeasible or work an injustice").  Because there does not appear to be anything unjust or impractical in applying Rule 26(b)(1) as amended in this case, and neither party has suggested otherwise, the Court finds that is applies.  See United States v. Abbott Labs., No. 09-4264, 2016 WL 4247429, at *2 n.3  (E.D. Pa. Aug. 11, 2016).

restricted by valid claims of relevance and privilege.  Id.  See Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information") (internal quotations and citations omitted).

"A party moving to compel discovery bears the initial burden of proving the relevance of the requested information."  Id., *citing* Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001).  "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'"  Id., *quoting* In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Here, it should be noted at the outset that the sole issue in this case is whether Vidonish issued a misconduct to Plaintiff in retaliation for filing a grievance.  In order to sustain a claim for retaliation, Plaintiff must establish that: (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by a prison official; and (3) that there is a causal connection between the exercise of his constitutional rights and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  It is not disputed that filing a grievance is protected activity or that issuing a misconduct constitutes an adverse action for purposes of a retaliation claim.  Thus, the success of Plaintiff's claim turns on whether he can establish that the

3

misconduct that Vidonish issued to Plaintiff was causally connected to Plaintiff filing a grievance.

Against this backdrop, the Court is not convinced that grievances filed by other inmates against Vidonish during the entire course of his employment would have a tendency to make it more or less probable that Vidonish issued a misconduct to Plaintiff in retaliation for filing a grievance. See Swinson v. Blakely, No. 14-1871, 2015 WL 4378484, at *3 (E.D. Pa. July 15, 2015) (finding that the plaintiff's requests for information related to grievances filed by other inmates against the defendant and the names of other inmates who Defendant had referred to security were irrelevant to the plaintiff's claim of retaliation for filing a grievance against the defendant). Nevertheless, notwithstanding Plaintiff's conclusory statement that grievances filed against staff members are stored in their work records, ECF No. 30 at 2-3, Defendants have represented that grievances are not stored according to the staff member against whom it was filed but are stored according to the inmate who filed the grievance. ECF No. 33 at 2. Indeed, it would appear that staff members are not always the subject of or named in inmate grievances. Under these circumstances, the Court finds the burden of combing through the records of every inmate who Vidonish has supervised during the course of his employment in order to ascertain whether any of those inmates filed a grievance against Vidonish, even if relevant to the narrow issue in this case, would be overbroad, unduly burdensome and disproportionate to the needs of this case.

Moreover, grievances filed by other inmates could potentially contain confidential information about those inmates as well as any named staff members and would create an obvious security risk. See Lofton v. Wetzel, No. 12-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) ("[plaintiff's] request for incident reports and grievances regarding other inmates

4

raises obvious privacy and security issues, and the relevance of such information is questionable at best"). Accordingly, Plaintiff's Motion to Compel insofar as he seeks any and all grievances filed against Vidonish during the course of his employment with the DOC will be denied.

Plaintiff's request relative to misconducts issued by Vidonish to any other prisoner during the course of his employment, however, will be granted, albeit with certain restrictions.

Although Defendants initially objected to Plaintiff's request for all misconducts issued by Vidonish, in part, because such records "are not kept in a manner to easily obtain this information," ECF No. 30-3 at 2, Defendants have presently represented that in the fourteen year time frame between 1999 and 2013, Vidonish issued a total of only eighteen misconducts and that only one of those was issued to Plaintiff. ECF No. 33 at 2. It therefore appears that Defendants have already searched for and obtained the misconducts sought by Plaintiff. Moreover, although, in this Court's view, the probative value of other misconducts issued by Vidonish would be minimal at best, particularly given the few number of misconducts issued by Vidonish, the United States Court of Appeals for the Third Circuit has suggested, albeit in dicta, that discovery could possibly provide Plaintiff with evidence to support his retaliation claim against Vidonish -- specifically, that Vidonish never cited another inmate for lying based on a misstatement, as is at issue here. ECF No. 24 at 6. Accordingly, the Court will grant Plaintiff's Motion insofar as he seeks the nature of the misconducts issued by Vidonish during the course of his employment with the DOC.

Misconducts filed against inmates, however, even more so that grievances filed by inmates, would necessarily contain information regarding those inmates that Plaintiff should not be privy to for both privacy and security reasons. See Lofton v. Wetzel, 2015 WL 5761918, at *2. See also Banks v. Beard, No. 10-1480, 2013 WL 3773837, at *4–5 (M.D. Pa. July 17, 2013)

(denying the plaintiff's Motion to Compel production of information regarding other inmates' accounts finding that, in addition to a DOC policy that specifically prohibits inmates from accessing or possessing any information relating to other prisoners, divulging any such information would create security concerns "in that if an inmate is aware of certain information about another inmate, such knowledge can be used to manipulate, harass, blackmail, or assault that inmate, thereby creating a substantial risk of physical harm to the subject inmate and any staff who intervene"). Thus, in keeping with the Third Circuit Court of Appeals' finding, the Court will permit discovery into the misconducts issued by Vidonish during the course of his employment limiting the information that Defendants are required to provide (at least at this juncture) to the nature of the offense for which the misconduct was issued.

Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 7th day of September, 2016, upon consideration of Plaintiff's Motion to Compel, ECF No. 29, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part follows: the Motion is DENIED insofar as Plaintiff seeks all inmate grievances filed against Vidonish during the course of his employment with the DOC; the Motion is GRANTED to the extent Plaintiff seeks information regarding the nature of any misconducts issued by Vidonish during the course of his employment. IT IS FURTHER ORDERED that Defendants are to produce to Plaintiff by September 20, 2016, redacted copies of the eighteen misconducts

issued by Vidonish between 1999 and 2013, revealing only the number of the misconduct and the offense for which the misconduct was issued.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc: Harvey Miguel Robinson, Jr.
CJ-8032
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record via CM-ECF