IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY MIGUEL ROBINSON, JR., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-227 |
| vs. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| LOUIS S. FOLINO; PETER VIDONISH, | ) | |
| *Sued in their individual capacities,* | ) | Re: ECF No. 70 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Harvey Miguel Robinson, Jr. ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brought this civil rights action against Defendants Louis S. Folino, the Superintendent at SCI-Greene, and Peter Vidonish, the Unit Manager at SCI-Greene in charge of capital case prisoners, (collectively, "Defendants"), alleging that Defendants violated his rights provided by the First Amendment to the United States Constitution. Defendants filed a Motion for Summary Judgment on August 15, 2016, ECF No. 36, which this Court granted in part and denied in part in an Opinion and Order dated March 13, 2017. ECF No. 68. The Court denied the Motion for Summary Judgment insofar as Defendants argued that Plaintiff's First Amendment retaliation claim is barred by the statute of limitations. In particular, the Court found that the evidence presented by Plaintiff created a genuine issue of material fact regarding the procedures for collecting and processing inmate mail and whether Plaintiff submitted the Complaint for mailing on December 19, 2013, or December 30, 2013, both of which are reflected on the cash slip that accompanied the Complaint.

Presently before the Court is a Motion for Reconsideration ("the Motion") that has been filed by Defendants. ECF No. 70. In their Motion, Defendants take issue with the Court's

finding that additional questions surrounding the dates reflected on the cash slip have been raised by testimony that mail is only collected on Mondays through Friday, not on Sundays, yet December 30, 2013, the date that Defendants claim Plaintiff filed the Complaint, was a Sunday. ECF No. 68 at 9. Defendants argue, correctly so, that the Court's observation is factually incorrect as December 30, 2013, was a Monday, not a Sunday. Notwithstanding the error, it was immaterial to the Court's finding that a genuine issue of material fact exists relative to when Plaintiff filed the Complaint.[1] The Court's denial of Defendants' Motion for Summary Judgment was based on the conflicting evidence regarding the normal procedures for processing inmate mail and how it may actually be processed. Id. at 8-9. As stated by the Court in its Opinion, the perceived inconsistency relative to the days of the week that mail is collected and when Defendants claim Plaintiff's Complaint was processed, merely raised *additional* questions regarding the dates on the cash slip. Id. at 9. Defendants' Motion therefore is properly denied. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), *quoting* Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("[t]he purpose of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "'to correct *manifest* errors of law or fact or to present newly discovered evidence'") (emphasis added). Accordingly, the following Order is entered:

## ORDER

AND NOW, this 17th day of March, 2017, upon consideration of Plaintiff's Motion for Reconsideration, ECF No. 70, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] For reasons that the Court cannot explain, the 2013 calendar that it relied on shows that December 30, 2013, was a Sunday. See Exhibit A.

cc: Harvey Miguel Robinson, Jr.
CJ-8032
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record Via CM-ECF