IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY MIGUEL ROBINSON, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PETER VIDONISH, *Sued in his individual* )<br>*capacity,* )<br>)<br>Defendant. ) | Civil Action No. 14-227<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 115, 119, 121, 123 and 125 |

## **MEMORANDUM ORDER**

Pending before the Court are various Motions in Limine filed on behalf of Plaintiff Harvey Miguel Robinson, Jr., ("Robinson") ECF Nos. 115, and on behalf of Defendant Peter Vidonish, ECF Nos. 119, 121, 123, and 125, seeking to preclude the admission of certain evidence and/or testimony at trial. The parties have filed their briefs in support and in opposition to the Motions in Limine, ECF Nos. 116, 120, 122, 124, 126, 127 and 130, which are ripe for disposition as follows.[1]

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402; see also U.S. v.

---

[1] Plaintiff indicates that he has no opposition to Defendant's Motion in Limine Regarding Other Misconducts, ECF No. 123, or Defendant's Motion in Limine Regarding Houser and Busanet Testimony of Retaliation, ECF No. 125, with regard to evidence involving any other misconduct issued by Defendant, or in any context other than the alleged retaliatory misconduct identified in Plaintiff's Complaint and at issue here. ECF No. 130 *n.1, n.2*. Accordingly, Defendants Motions in Limine at ECF No. 123 and 125 are granted.

1

Sampson, 980 F.2d 883, 888 (3d Cir. 1992). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Thus, Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010). The various motions now pending require the application of these basic principles to the conduct of a fair trial for each party.

### A. Criminal History of Plaintiff and Certain Witnesses

Robinson has filed a Motion in Limine to preclude introduction of his criminal and prison misconduct history, as well as the criminal history of three witnesses Robinson intends to call at trial. ECF Nos. 115, 116. In addition, Robinson seeks to preclude reference to the Capital Case Unit ("CCU") where he has been housed since his entry into the Pennsylvania Department of Corrections ("DOC") system. Id.

Robinson states he is incarcerated pursuant to a sentence of death for criminal homicide, rape, aggravated indecent assault, aggravated assault, burglary, trespass, kidnapping, and various misdemeanor offenses. ECF No. 116 n.2. During Robinson's incarceration for his crimes, he has been issued numerous institutional misconducts. In addition, Robinson represents that three witnesses he expects to call at trial are incarcerated pursuant to sentences of death for murder, as well as various offenses including theft by unlawful taking, theft by receiving stolen property, criminal conspiracy, robbery, offenses related to possession and distribution of controlled

2

substances, unlawful possession of a firearm, fleeing an officer, and criminal solicitation. Id. Robinson contends that evidence of each of these offenses and his housing placement in the CCU is irrelevant to his retaliation claim and is otherwise unfairly prejudicial.

Defendant concedes the inadmissibility of much of the identified criminal and misconduct history. ECF No. 127 at 1 ("Defendant does not disagree with Plaintiff about the convictions and misconducts."). However, Defendant challenges the exclusion of evidence of Robinson's housing in the CCU. Defendant contends that evidence of privilege restrictions in the CCU is relevant for the jury to weigh whether Robinson is able to prove a necessary element of his retaliation claim, i.e., whether he has sustained an adverse action by a prison official as a result of the exercise of his constitutional rights. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Robinson v. Folino, No. 15-1009 at *4 (3d Cir. Jan. 28, 2016). Defendant contends Robinson's conditions of confinement were not materially affected by the alleged retaliatory misconduct, which resulted in Robinson's placement in the Restricted Housing Unit ("RHU") for 30 days, and therefore he did not suffer an adverse action.

In light of Defendant's apparent agreement that certain evidence is not admissible, the Plaintiff's Motion in Limine is granted with exception. Rule 609 of the Federal Rules of Evidence provides that, "when [an] opposing party seeks to use prior felony convictions to impeach the credibility of a witness who is not a defendant in a criminal case, that evidence 'must be admitted, subject to Rule 403.' Rule 403 requires district courts to consider whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. In assessing that balance, courts should consider: (1) the nature of the convictions; (2) the time elapsed since the convictions; (3) the importance of the witness's credibility to the case; and (4) the importance of credibility to the claim at hand." Dickens v. Taylor, 655 F. App'x 941, 945

(3d Cir. 2016) (quoting Sharif v. Picone, 740 F.3d 263, 272 (3d Cir. 2014). Accordingly, should a party seek to introduce evidence of a party or witness's conviction for burglary, theft or conspiracy as bearing on credibility, the Court shall require a proffer outside of the presence of the jury applying these identified factors to establish that the conviction sought to be introduced is probative of the witness's truthful character. Id.; and see U.S. v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible [than a crime of violence]).

The Motion in Limine to exclude evidence of Robinson's housing placement in the CCU is denied. Robinson contends evidence of his placement will cause the jury to unfairly focus on his death-row status, to the detriment of his claim. Defendant opposes the Motion in Limine, citing the relevance of the information to the elements of a *prima facie* First Amendment retaliation claim.

To succeed on his retaliation claim, Robinson must demonstrate that in the course of engaging in constitutionally protected conduct, prison officials caused him to suffer "adverse action." Rauser v. Horn, 241 F.2d at 333. "The test for adverse action, however, is not whether *this* plaintiff would be deterred, but rather whether a prisoner of ordinary firmness would be deterred. Martin v. Gearhart, 712 F. App'x at 188 (citing Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012).

It has long been recognized that placing a prisoner in restrictive or administrative custody is sufficient adverse action to support a retaliation claim. See e.g., Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). Defendant argues that in the context of this case, placement in the RHU may not amount to adverse action for a prisoner of ordinary firmness assigned to the CCU, because of the extraordinary nature of restrictions ordinarily imposed in the CCU.

4

The United States Court of Appeals for the Third Circuit has held that "whether a prisoner-plaintiff has met [this prong] of his or her retaliation claim will depend on the facts of the particular case." Id. Here, evidence of Plaintiff's housing conditions in the CCU is relevant to determine whether a change in privileges occurred and whether such a change would deter a prisoner of ordinary firmness permanently assigned to a similar housing unit from exercising his First Amendment rights. Under these circumstances, evidence of Plaintiff's housing assignment is appropriate background information and is not unfairly prejudicial. See, e.g., Randolph v. Wetzel, 764 F. App'x 240, 244 n.7 (3d Cir. 2019) (references to death row were made by defendants and a witness sparingly and provided background information and so admission of such evidence, even if legal error, was harmless). To limit any potential prejudice that may result, counsel are directed to refer to the housing unit only as the "CCU" and not as the Capital Case Unit. Further, references to the CCU shall only be made when referring to the conditions of confinement in contrast to the conditions experienced by inmates housed in the RHU. Finally, the Court will issue an appropriate limiting instruction to the jury that such evidence may be considered only to determine whether Plaintiff suffered an adverse action as the result of filing a grievance, so as to constitute unlawful retaliation, and not for any other purpose.

**B. Evidence of Grievance Procedure**

Defendant has filed a "Motion in Limine Regarding the Grievance Procedure," seeking to exclude the introduction of evidence of the DOC grievance process and the testimony of Tracy Shawley, DOC's grievance administrator, as irrelevant and otherwise prone to cause juror confusion. ECF Nos. 119, 120. Defendant states that Robinson intends to introduce evidence through Ms. Shawley that his grievance regarding missing a Program Review Committee ("PRC") meeting was improperly assigned to Vidonish. According to Plaintiff, pursuant to DOC

policy, Vidonish should have been precluded from reviewing or adjudicating the grievance because he was an active member of the PRC, and the grievance related to PRC proceedings. Defendant contends that this evidence is not relevant to whether Robinson timely filed this lawsuit or whether Defendant correctly determined that Plaintiff made a false statement in his grievance so as to support the issuance of a misconduct. Defendant argues that under these circumstances, the evidence would lead to unwarranted juror confusion and is otherwise unfairly prejudicial. Id.

Robinson responds that evidence of the grievance process is relevant to permit the jury to understand the nature of the constitutionally protected conduct at issue, *i.e.*, Robinson's exercise of his First Amendment rights through the DOC grievance process. ECF No. 130 at 4. The Court agrees that the nature of the grievance process is relevant to establish whether Robinson engaged in constitutionally protected activity when he filed a grievance. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Defendant's review and adjudication of the grievance at issue also is relevant to establish the third required element of Robinson's First Amendment claim, *i.e.*, whether Robinson's constitutionally protected conduct was a substantial or motivating factor in Defendant's decision to issue a misconduct. This causal relationship may be established by evidence of "a pattern of antagonism," which a jury reasonably may infer from Defendant's course of conduct, including his disregard of DOC's policy precluding his participation in the consideration of the PRC grievance. Id. at 423-24 ("causation, like any other fact, can be established from the evidence gleaned from the record as a whole"). Under these circumstances, evidence of the DOC grievance process is relevant and is not unfairly prejudicial, and the Motion in Limine to exclude testimony from Ms. Shawley and the DOC grievance process is denied.

6

### C. Motion in Limine Regarding Other Alleged Mail Issues

Defendant seeks to exclude evidence of allegedly unrelated mail issues experienced by Robinson and three prisoner-witnesses. ECF Nos. 121, 122. These issues include (1) an instance of improper diversion of outgoing mail to the SCI – Greene Superintendent's office; (2) an instance of delay in returning mail to Robinson when he exceeded his envelope allotment; and, (3) complaints about mail procedures voiced by other inmates. Defendant contends each of these issues is irrelevant to whether Robinson back-dated a cash slip to make it appear that the Complaint initiating this litigation was timely filed. Id. Defendant alternatively argues that the evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because evidence of mail issues by other inmates would be cumulative, would create unfair prejudice by permitting an unreasonable connection to the alleged mail delay at issue, would mislead the jury, confuse the issues, and would cause a substantial amount of undue delay and waste of time. ECF No. 122 at 2.

Robinson points to Defendant's anticipated testimony and evidence that "there is never any delay" in stamping cash slips and processing mail. ECF No. 130 at 3-4, 5 (citing Defendant's Pre-Trial Statement, ECF No. 112 at 2). Through the proffered evidence, Robinson seeks to challenge the credibility of Defendant's representation. In particular, diversion of outgoing mail to the Superintendent's Office would result in delay, as would the failure to timely return mail due to exceeding monthly envelope allowances. Defendant may challenge the implications of such evidence through his own witnesses and on cross-examination; however, the relevance of the proffered testimony and exhibits substantially outweighs any potential for unfair prejudice, confusion or delay. Accordingly, the Motion in Limine Regarding Other Mail Issues, ECF No. 121, is denied.

An appropriate Order follows.

## **ORDER**

AND NOW, this 10th day of July, 2019, upon consideration of Plaintiff's Motion in Limine filed at ECF No. 115, and Defendant's Motions in Limine filed at ECF Nos. 119, 121, 123, and 125, and the briefs filed in support and in opposition thereto, ECF Nos. 116, 120, 122, 124, 126, 127, and 130, and for the reasons set forth in the accompanying Memorandum,

(1) IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to preclude introduction of evidence of Plaintiff's criminal history and the criminal history of certain witnesses, ECF No. 115, is granted with exception; however, Plaintiff's Motion in Limine to preclude introduction of evidence of Plaintiff's incarceration in the Capital Crimes Unit is granted in part and denied in part;

(2) IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding Other Misconducts, ECF No. 123, is granted;

(3) IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding Houser and Busanet Testimony of Retaliation, ECF No. 125, is granted;

(4) IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding the Grievance Procedure, ECF No. 119, is denied;

(5) IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding Other Alleged Mail Issues, ECF No. 121, is denied.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF